Irene DOBBS, Appellant,

v.

Geraldine NAVARRO, Appellee.

No. 16259.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 7, 1974.

Lester Fleming, Houston, for appellant.

Kenneth J. Will, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a judgment dismissing plaintiff's suit after a plea in bar setting up the principle of res adjudicata was sustained. The principal issue is whether the cause of action alleged in this case is the same cause of action as was finally adjudicated in a previous suit between these parties. We reverse and remand.

Irene Dobbs sued John Hancock Mutual Life Insurance Company and Geraldine Navarro in the 80th Judicial District Court of Harris County, Cause No. 723,136, to recover the proceeds of a policy of Life Insurance on the life of O. D. Dobbs, her husband. She alleged that her husband had changed the beneficiary from Geraldine Navarro to Irene Dobbs before his

death. She also alleged a cause of action against Geraldine Navarro based on harassment. The latter cause of action was severed, and the case went to trial on the pleading wherein Irene Dobbs asserted her ownership of the insurance proceeds as beneficiary under the policy. She recovered in the trial court, but on appeal the judgment was reversed and judgment was rendered that Geraldine Navarro was owner of the proceeds of the insurance policy. Navarro v. Dobbs, 456 S.W.2d 265 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref. n. r. e.). The defendant's answer to the plaintiff's petition in the case above cited does not appear in the transcript. The opinion of the Court of Civil Appeals deals only with the attempted change of beneficiaries of the proceeds of the policy of insurance. The mandate of the Court of Civil Appeals is dated November 23, 1970.

On June 18, 1973, Mrs. Dobbs filed a pleading entitled Plaintiff's Fourth Amended Petition, Irene Dobbs v. Geraldine Navarro, in the 151st Judicial District Court of Harris County, Texas, Number 723,136A.

In this petition the plaintiff alleged that her husband intended the insurance proceeds to be used in part for the payment of his burial expense, and that the defendant was unjustly enriched in the sum of $1,034.-34 by collecting the insurance and refusing to pay cost of the funeral. She alleged that premiums on the policy were paid with community funds, and that such payments constituted a constructive fraud depriving her of her community property rights. In the alternative she sued the defendant for the amount of the premiums paid on the policy with community funds. In her prayer she asked judgment against the defendant "in an amount equal to that portion of the insurance proceeds received" by the defendant, "measured by the ratio which the amount of the premiums paid during the marriage bears to the total premiums paid during the existence of this insurance contract," together with interest.

In the alternative she prayed judgment for a sum equal to the funeral expenses, or, in the alternative, for a sum equal to the premium payments made with community funds.

The trial court dismissed the case and it has not been tried on its merits. We express no opinion on the merits of the cause of action alleged.

The defendant cited to the trial court, and relies here, on the case of Abbott Laboratories v. Gravis, 470 S.W.2d 639 (Tex. 1971). There the court said:

"... the rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those which were actually tried ... Stated differently, a party cannot relitigate matters which he might have interposed, but failed to do so, in an action between the same parties or their privies in reference to the same subject matter. Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97 (1894)."

The language used in the Gravis case was considered in Griffin v. Holiday Inns of America, 496 S.W.2d 535 (Tex.1973). There the court said that the Court of Civil Appeals "has held that a judgment on one claim or cause of action is res judicata of all claims and causes of action arising out of the same transaction and that could have been urged in the suit. This conclusion is sound with respect to counterclaims that are compulsory under the provisions of Rule 97, Texas Rules of Civil Procedure. There is, however, no similar rule requiring a plaintiff to join all claims arising out of the same transaction. . . ."

The Supreme Court in *Griffin* stated that a judgment in a suit to recover damages on one theory is conclusive as to all theories of liability that might have been alleged and all defenses that might have been urged with respect to the claim. The court also stated: ". . . As a general

rule a judgment on the merits in a suit on one cause of action is not conclusive of a subsequent suit on a different cause of action except as to issues of fact actually litigated and determined in the first suit . . ."

 The claim or controversy in the first suit was the ownership of the proceeds of the insurance policy. In this suit the plaintiff concedes, as she must, that the defendant was the legal beneficiary of the policy, and was entitled to collect the proceeds. She asserts that the defendant holds part of the proceeds as a constructive trustee for the estate of O. D. Dobbs, or, in the alternative, that she is the owner of a part of the proceeds because of the fraud of O. D. Dobbs, in paying premiums with community funds. The problem lies in determining whether she has stated a different cause of action, or merely a different theory of recovery. In *Griffin* a suit to recover money spent on construction under a contract based on quantum meruit was said not to be barred by a previous suit seeking recovery on the contract. This suit differs from the prior suit in the theories of recovery, the operative facts, and the measure of recovery. The first suit sought to enforce the contract of insurance and to determine the beneficiary of the policy. The issues determined there are not involved here. The cause of action asserted here is not based on the contract. Here there is not merely a theory of recovery different from that alleged in the first suit, the cause of action is different.

Appellant says that the judgment of the 80th District Court in Cause Number 723,136 was not a final judgment. The contention is that the trial court ordered a separate trial of the issues in that case under Rule 174(b), Texas Rules of Civil Procedure, rather than a severance under Rule 41, T.R.C.P. Since that case was appealed to the Court of Civil Appeals, and proceeded to judgment in that court, we must conclude that the issue of jurisdiction was considered by that court and that it deter-

mined the judgment to be final and appealable. Watson v. Watson, 270 S.W.2d 298 (Tex.Civ.App., —El Paso 1954, writ ref'd, n.r.e.).

Reversed and remanded.