**Ernest D. MORRIS, Appellant,**

**v.**

**LANDOLL CORPORATION and Fruehauf Corporation, Appellees.**

**No. 2–91–019–CV.**

Court of Appeals of Texas, Fort Worth.

Nov. 19, 1991.

Dissenting Opinion of Justice Day Feb. 5, 1992.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Norman Darwin, Fort Worth, for appellant.

Peebles, Betty & Brantley, Harvey L. Frye, Jr., Fort Worth, for appellee Landoll.

Jackson & Walker, John L. Lancaster, III, Dallas, for appellee Fruehauf.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

Ernest D. Morris, appellant, appeals from a summary judgment in favor of the Landoll Corporation and Fruehauf Corporation. Morris filed his lawsuit for injuries he sustained in an accident he claims resulted from the sale and repair of a defective trailer. Landoll and Fruehauf filed motions for summary judgment alleging the claims were barred by the principles of res judicata and/or release and settlement. Morris appeals from the summary judgment entered by the trial court.

We reverse and remand.

On September 17, 1985, Morris was involved in a truck wreck in Giles County, Virginia. Morris was driving the truck/trailer rig involved in the accident and performing his duties within the scope and course of his employment with Andrew Systems, Inc., the owner of the rig. Two people (the Hetheringtons) died as a result of injuries sustained in the wreck, and two other people received injuries as well. Each of the injured parties and estates of the deceased persons filed a separate suit against Morris and Andrew Systems, Inc.[1] Andrew Systems had a policy of liability insurance that extended coverage to it and to Morris. The attorney hired by the insurance company filed a "Third–Party Motion for Judgment" against Landoll and Fruehauf in each suit. In that pleading he sought a judgment against them to indemnify the defendants (Andrew and Morris) for any judgment rendered against Morris or Andrew Systems, Inc. on behalf of the plaintiffs. Landoll and Fruehauf were, respectively, the seller and repairer of the trailer on the truck involved in the wreck. Morris and Andrew Systems alleged that the brakes failed on the trailer, causing the accident. Morris did not seek any damages for his own injuries in any of these lawsuits.

On August 25, 1989, a detailed settlement order, which appears to also dismiss the suit, was entered by the Virginia court in the Hetherington case. On June 21, 1990, the Virginia court, upon the representation of all parties that the matters at issue between them had been compromised and settled, dismissed the injured plaintiffs' suits with prejudice. In September of 1987, Morris filed the instant suit in Texas against Landoll and Fruehauf asking for damages for his own injuries in the wreck, on the theory that the accident resulted from the sale of a defective trailer and the failure to repair the defects. The Texas trial court granted summary judgment for defendants Landoll and Fruehauf, based on the judgments and pleadings in the three Virginia suits, on the theories of res judicata and release and settlement.

Morris asserts four points of error: (1) that there were material issues of fact in dispute; (2) as a matter of law, res judicata is not a bar to his cause of action; (3) as a matter of law, a claim for indemnity or contribution in prior litigation does not constitute the assertion of a cause of action which will provide the basis for the defense of res judicata in this subsequent litigation; and (4) as a matter of law, the defense of release and settlement cannot bar subsequent litigation for this cause of action that was not alleged by the pleadings in the original settlement and for which no consideration was paid.

---

1. The two Hetherington suits were consolidated for judgment, resulting in three final judgments in the Virginia court.

Because the motion for summary judgment relied partly on the detailed language in the Hetherington judgment, we must review the language of that document.

The Hetherington agreed dismissal judgment delineated: (1) the offer of the defendants and third-party defendants to pay the Hetheringtons $137,500.00 "in full compromise settlement of all claims and damages against them or either of them rising out of the death" of the Hetheringtons, without admission of liability; (2) the agreement of the Hetherington plaintiffs to such compromise and settlement; (3) the court's approval of such settlement "in full settlement of any and all claims and damages which may or can be made against the defendants and/or third-party defendants arising out of the death of [the Hetheringtons]," including a finding that "there is a question of establishing negligence or breach of warranty on the part of the defendants and/or third-party defendants"; and (4) a finding that the money had been paid to the administrator of the Hetherington estates and an order of how the money was to be paid to the various claimants against and heirs of the estate of the Hetheringtons. The order concludes with the following language:

> The sum of One Hundred Thirty Seven Thousand, Five Hundred Dollars ($137,500.00) having been paid in open Court to Timothy M. Hetherington, Administrator as aforesaid, in full settlement and satisfaction of all liability now existing or which may hereafter be asserted against them *on account of the death of Angela Mae Hetherington and/or Joshua Lee Hetherington,* and the Court doth ORDER that the defendants and third-party defendants be, and they hereby are, forever discharged and released from any and all *such* claims or liability of any nature arising out of any of the matters set forth in or that could have been set forth in either of the lawsuits mentioned.

And the object of this proceeding having been accomplished, it is ORDERED that the same be stricken from the docket of this Court and the papers therein filed among the ended causes. [Emphasis added.]

The Hetherington order was signed by counsel for defendants, Ernest Dale Morris and Andrew Systems, Inc., under the notation: "We ask for this Order."

■ In his first, second, and third points, Morris claims summary judgment was improperly granted on the principle of res judicata. Morris argues in his first point that all the elements of res judicata were not proven as a matter of law. When a defendant moves for summary judgment based on an affirmative defense, the defendant bears the burden of proving each essential element of the affirmative defense. *Deer Creek Ltd. v. North American Mortg.,* 792 S.W.2d 198, 200 (Tex.App.—Dallas 1990, no writ).

The parties argued before this court that the doctrine of res judicata under Virginia law is so similar to the doctrine under Texas law that it does not matter which law is applied. Thus, we will consider the requirements for res judicata under Texas law.

■ The elements which must be present for the doctrine of res judicata to apply are a valid judgment and identity of parties, issues and subject matter in the two lawsuits. *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984) (opinion on reh'g). First, in the present case there is no dispute that there is an identity of parties. In the Virginia suit Morris sought indemnity or contribution from Landoll and Fruehauf, who are the parties in this suit as well. Secondly, part of the subject matter is also the same; both suits involve the truck accident in September of 1985 and the alleged defective design and construction of the trailer, but different parties were injured. The third element, identity of issues, is also in contention on this appeal.

The most frequently cited early statement of the rule is found in *Freeman v. McAninch,* 87 Tex. 132, 27 S.W. 97, 100 (1894), where the Texas Supreme Court declared that "[a] party cannot relitigate matters which he might have interposed, but failed to do, in a prior action between the same parties, or their privies, in refer-

ence to the same subject-matter." Thus, a judgment, "is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided." *Id.* 27 S.W. at 99.

However, this expressed rule is more limited than it appears. "As a general rule a judgment on the merits in a suit on one cause of action is not conclusive of a subsequent suit on a different cause of action except as to issues of fact actually litigated and determined in the first suit." *Griffin v. Holiday Inns of America,* 496 S.W.2d 535, 538 (Tex.1973). The problem in the present case is determining which issues which could have been litigated, but were not, have been merged into, or barred by, the prior judgment. *See id.*

■ The fifth circuit determined the scope for res judicata in Texas to be "dependent on a determination of which issues are 'connected with a cause of action or defense' in the first suit." *Flores v. Edinburg Consol. Indep. School Dist.,* 741 F.2d 773, 776 (5th Cir.1984). Issues of fact actually litigated and determined in one suit are barred in all later suits, whether or not the later suit arises from the same cause of action; only when the subsequent suit is on a different cause of action will those issues which have not actually been litigated and determined not be barred. *Id.* at 778, *Griffin,* 496 S.W.2d at 538. The court in *Flores* goes on to say that a different cause of action is not merely a different theory of recovery; it should differ in "the theories of recovery, *the operative facts,* and the measure of recovery." *Flores,* 741 F.2d at 779 (emphasis in original).

■ In each of the prior cases, the cause of action brought by Morris as plaintiff against Landoll and Fruehauf as third-party defendants was a claim for contribution and indemnity. The operative facts for that cause of action were entirely dependent upon the Hetheringtons' and the injured parties' claims against Morris and his employer for their injuries. In Morris's present suit, the operative facts for his claim depend on Landoll and Fruehauf's liability to him for his injuries. Thus, in Morris's subsequent suit his cause of action is a different theory of recovery, based on different operative facts and a different measure of recovery. The issues of Landoll and Fruehauf's liability to Morris for his injuries has never actually been litigated and determined because the issues connected with Morris's contribution and indemnity claim are not those to be determined in this subsequent suit. Therefore, Morris's subsequent suit is on a different cause of action based on issues which have not yet been determined.

We have reviewed the language in the Hetherington judgment to ascertain whether it determined Landoll's and Fruehauf's liability to Morris for his own injuries, and we conclude it did not. The judgment only released and discharged Landoll and Fruehauf from liability on claims and liability of any nature which were due to the death of the Hetheringtons.

Landoll and Fruehauf argue that this case is similar to *Vartanian. Vartanian Fam. Tr. No. 1 v. Galstian Fam. Tr.,* 724 S.W.2d 126 (Tex.App.—Dallas 1987, no writ). In that case the court held a second action was precluded on matters actually litigated and on causes of action or defenses which arise out of the same subject matter which might have been litigated in the first suit. *Id.* at 128. The cause of action in the initial suit between the Vartanian and Galstian families was based on their joint venture and management of some apartments. The cause of action of the third-party action the Vartanians brought against the Galstians in the subsequent suit was again based on the management of the apartments and disclosure of termites to the Vartanians. In the present case, as we have already stated, the issue of Landoll and Fruehauf's liability to Morris for his injuries has never been adjudicated. Because we find a difference in the appellant's cause of action filed against the appellees here in Texas we sustain points of error numbers one, two, and three.

■ In his fourth point Morris argues that as a matter of law, the defense of release and settlement cannot bar subsequent litigation for a cause of action that

was not within the pleadings in the first suit and for which no consideration was paid. He asserts specifically that the agreed order signed by the parties in the Hetherington suit only discharged Landoll and Fruehauf as to the matters put in issue by the plaintiff's pleadings.

We conclude that the doctrine of release and settlement, based on the agreed order, does not bar this subsequent litigation. This release applies to the claims of the Hetheringtons on account of the deaths of Angela and Joshua; it does not release the third-party defendants as to claims raised by Morris for his injuries. This particular release and settlement does not bar the present litigation by Morris. Morris's fourth point of error is sustained.

Judgment reversed and remanded.

DAY, J., dissents with written opinion.

DAY, Justice, dissenting.

Since the majority opinion ignores the well-established precepts of the doctrine of *res judicata,* I respectfully dissent.

The truck accident that was the basis of the Virginia lawsuit is the same accident giving rise to the instant suit brought in Texas. In the Virginia lawsuit Morris (as a third-party plaintiff) sued Fruehauf and Landoll alleging that their negligence caused the accident. In the Virginia lawsuit Morris sought *contribution and indemnity* against Fruehauf and Landoll, but did not seek to recover damages for his personal injuries.

In his Texas lawsuit, Morris pled the identical acts of negligence of Fruehauf and Landoll that he had pled in the Virginia lawsuit. However, in his Texas lawsuit, Morris sought damages for such negligence, whereas in the Virginia court, Morris had sought only contribution and indemnity.

Morris's Virginia lawyer settled the Virginia litigation by obtaining the entry of a judgment of the Virginia court which recited that Morris *forever discharged and released [Fruehauf and Landoll] from any and all claims or liability of any nature arising out of any of the matters set forth in or that could have been set forth in either of the lawsuits mentioned.* Upon being apprised of the judgment entered by the Virginia court, the Texas trial court properly dismissed Morris's Texas action on the basis of res judicata.

The majority errs in holding that the "operative facts" in the Virginia litigation differ from the "operative facts" in the Texas litigation, positing that since Morris sued for only contribution and indemnity in Virginia and for only personal damages in Texas, Morris should be permitted to relitigate the negligence issues that he raised before the Virginia court. The majority confuses "identity of issues" with identity of the relief sought by Morris in the two courts. The majority holds that since Morris sought a different remedy in Texas from that sought in Virginia, he should be permitted to place in issue before the Texas court the identical claims of negligence he asserted in the Virginia court and which were settled by the Virginia judgment.

Surprisingly, the majority opinion relies upon the authority of *Flores v. Edinburg Consol. Indep. School Dist.,* 741 F.2d 773, 776 (5th Cir.1984). The *Flores* holding is totally inapposite to the majority's holding. In *Flores,* the court stated that "the scope of the res judicata bar is dependent on a determination of which issues are 'connected with a cause of action or defense' in the first suit." *Id.* The court went on to state:

> We conclude therefore that "a different cause of action" is one that proceeds not only on a sufficiently different legal theory but also on a different factual footing as not to require the trial of facts material to the former suit; that is, an action that can be maintained even if all the disputed factual issues raised in the plaintiff's original complaint are conceded in the defendant's favor. *Dobbs v. Navarro,* 506 S.W.2d 671, 673 (Tex.Civ. App.1974). Flores, as we have previously noted, cannot meet this standard, for to concede the factual issues previously raised would be to admit that the school officials were not negligent.

*Id.* at 777.

It is clear that were Morris to concede the disputed negligence issues raised in the

Virginia litigation in favor of Fruehauf and Landoll, he would have no cause of action whatsoever against the same parties in his Texas suit. The holding in *Flores* clearly supports the action of the trial court in dismissing Morris's suit.

I would affirm the judgment of the trial court.