**Ernest D. MORRIS, Appellant,**

v.

**LANDOLL CORPORATION and Fruehauf Corporation, Appellees.**

**No. 2–91–019–CV.**

Court of Appeals of Texas, Fort Worth.

June 16, 1993.

Rehearing Overruled July 20, 1993.

Norman Darwin, Fort Worth, for appellant.

Harvey L. Frye, Jr., Fort Worth, for appellee Landoll Corp.

Jackson & Walker, L.L.P., and John L. Lancaster III, Robert B. Weathersby, Elizabeth L. Ripley, Dallas, for appellee Fruehauf Corp.

Before HILL, C.J., and WEAVER and DAY, JJ.

## OPINION ON REMAND

DAY, Justice.

Ernest D. Morris appealed from a summary judgment granted in favor of Landoll Corporation and Fruehauf Corporation (appellees). In our prior opinion, we reversed and remanded for trial on the merits. *See Morris v. Landoll Corp.*, 822 S.W.2d 653 (Tex.App.—Fort Worth 1991). The Texas Supreme Court granted appellees' applications for writ of error, vacated our prior opinion, and remanded the cause to this court for reconsideration in light of *Getty Oil v. Insurance Co. of N. Am.*, 845 S.W.2d 794 (Tex.1992) and *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627 (Tex. 1992). *See Landoll Corp. v. Morris*, 842 S.W.2d 277 (Tex.1992).

We affirm the summary judgment for appellees.

The legal history of this case is set forth in our prior opinion and need not be repeated in detail here. *See Morris*, 822 S.W.2d at 653. Nevertheless, a brief summary of the facts is necessary to an understanding of our opinion on remand.

Morris was employed as a truck driver for Andrews Systems, Inc. (Andrews). While driving a tractor and trailer for Andrews, Morris was in an accident in Giles County, Virginia on September 17, 1985, involving two other motor vehicles and a pedestrian. Each of the injured parties or their survivors (the Virginia plaintiffs) sued both Morris and Andrews in Virginia.

Morris and Andrews filed a "Third–Party Motion for Judgment" against appellees, joining appellees in the Virginia action and seeking indemnity from appellees for any judgment rendered against Morris or Andrews on behalf of the Virginia plaintiffs. (Appellees were the manufacturer, seller,

and repairer of the trailer Morris drove.) In their Motion for Judgment, Morris and Andrews alleged that appellees negligently designed, manufactured, distributed, and repaired the trailer, thus causing the accident. Morris did not seek any damages for his personal injuries in the Virginia lawsuits.

On September 7, 1987, Morris sued appellees in Texas for damages for his own injuries arising out of the Virginia accident. Morris alleged that his injuries resulted from the appellees' sale of a defective trailer and their negligent failure to repair the defects.

The parties to the Virginia lawsuits eventually settled, after which the Virginia trial court dismissed the suit with prejudice. Appellees then moved for summary judgment against Morris on res judicata and release and settlement theories. The Texas trial court granted summary judgment for appellees.

Morris raises four points of error on appeal: (1) that summary judgment for appellees was improper because there were genuine issues of material fact in dispute between the parties; (2) that the trial court improperly granted summary judgment for appellees because res judicata is not a bar to Morris's action in Texas; (3) that a claim for contribution and indemnity in prior litigation does not constitute the assertion of a cause of action that will provide the basis for a res judicata defense in subsequent litigation; and (4) that the defense of release and settlement cannot bar subsequent litigation for a cause of action that was not within the contemplation of the parties to the original settlement and for which no consideration was paid.

■ We will consider point of error three first. Morris contends, and appellees agree, that Virginia and Texas permit contribution and indemnity in virtually the same way. Thus, we will address this point under Texas law.

Crucial to our discussion is the characterization of a contribution and indemnity claim. Morris asserts that a contribution and indemnity claim is, by reason of its derivative nature, entitled to a special status for res judicata purposes. He contends that, because a claim for contribution and indemnity is dependent on the cross-claim or third-party defendant's liability to the original plaintiff, it is somehow not an independent cause of action.

While we agree that contribution is available in Texas only among joint tortfeasors, *see Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984), TEX.CIV.PRAC. & REM.CODE ANN. § 32.002 & 32.003(a) (Vernon 1986), Morris cites no authority for the proposition, and we are aware of none, that this theory of recovery is merely a "claim for reimbursement" and not an independent cause of action for res judicata purposes. Thus, Morris's argument characterizing his contribution and indemnity claim must fail. *See Lakeway Land Co. v. Kizer*, 796 S.W.2d 820, 827 (Tex.App.—Austin 1990, writ denied). *See also Adams v. Petrade Int'l, Inc.*, 754 S.W.2d 696, 721–22 (Tex.App.—Houston [1st Dist.] 1988, writ denied) (claim for contribution or indemnity is an independent cause of action and may properly be asserted in a separate proceeding) (citing *Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774, 776 (1944)).

We overrule Morris's third point of error.

In his second point of error, Morris complains the trial court erred as a matter of law in granting summary judgment for appellees because res judicata is not a bar to Morris's cause of action in Texas. In light of *Getty Oil* and *Barr*, we find to the contrary.

■ Res judicata is the generic term for a group of related concepts concerning the conclusive effects given final judgments. *Barr*, 837 S.W.2d at 628. Within this general doctrine are two principal categories: (1) claim preclusion (also known as res judicata); and (2) issue preclusion (also known as collateral estoppel). *Id.* Claim preclusion prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit. *Id.* Collateral estoppel prevents relitigation of

particular issues already resolved in a prior suit. *Id.*

Claim preclusion, or res judicata, prevents splitting a cause of action. *Id.* at 629. The policies behind the doctrine reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery. *Id.*

A determination of what constitutes the subject matter of a suit necessarily requires an examination of the factual basis of the claim or claims in the prior litigation, *without regard to the form of action. Id.* at 630. Any cause of action that arises out of those same facts should, if practicable, be litigated in the same lawsuit. *Id.*

In *Barr* the Texas Supreme Court adopted the transactional approach to claim preclusion embodied in TEX.R.CIV.P. 97 and RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982). *Id.* at 630–31. Under the RESTATEMENT (SECOND) OF JUDGMENTS, a "transaction" is not equivalent to a sequence of events; rather, the determination is to be made pragmatically, giving weight to whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage. *Id.* at 631.

A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and, through the exercise of diligence, could have been litigated in a prior suit. *Id.* The rationale behind the transactional approach to claim preclusion is that it effectuates the policy of res judicata with no more hardship than encountered under the compulsory counterclaim rule of TEX.R.CIV.P. 97(a). *Id.*

In the instant case, Morris's Texas action against appellees arose from the same accident that was adjudicated in the Virginia suit. In the Texas suit, Morris asserted against appellees the same theories—negligence in manufacturing and repairs—that were the basis of Morris's contribution and indemnity claim in the Virginia suit. Thus Morris could, through the exercise of diligence, have litigated in Virginia appellees' liability to him for his alleged personal injuries arising out of the accident.[1] Accordingly, the Texas trial court properly dismissed Morris's Texas action on the basis of res judicata.

Our supreme court has held that a defendant need not assert a cross-claim against a co-defendant simply because it arises from the same subject matter as the plaintiff's claim. *Getty Oil,* 845 S.W.2d at 800. Such claims, including those for contribution and indemnity, are permissive, but they are not compulsory. *See* TEX. R.CIV.P. 97(e). Where two parties are aligned in the first action and no issues are drawn between them, the judgment in that action does not preclude later claims between those parties. *Getty Oil,* 845 S.W.2d at 800.

Where a defendant does assert a cross-claim against a co-party, however, they become adverse, *and the principles of res judicata apply. Id.* The cross-claimant becomes a plaintiff for res judicata purposes and is required to assert all claims against the cross-defendant arising from the subject matter of the original cross-claim. *Id.*[2]

Morris contends he "never asserted a cross-claim" against appellees. While this statement is technically true, Morris did bring a third-party claim against appellees. We can think of no reason why a

---

1. In his response to motion for summary judgment, Morris argued that he did not assert a claim against appellees for the damages that he sustained in the Virginia accident. Notably, Morris did not argue that he *could not* have brought his personal injury claim in the Virginia litigation.

2. Importantly, *Swiss Avenue Bank v. Slivka,* 724 S.W.2d 394, 396–97 (Tex.App.—Dallas 1986, no

writ), and *Chandler v. Cashway Bldg. Materials, Inc.,* 584 S.W.2d 950, 954 (Tex.Civ.App.—El Paso 1979, no writ), upon which Morris relies heavily, do not involve situations where a party asserted some, but not all, of its cross-claims. Rather, they merely reiterate the principle of Rule 97(e) that a party is not required to assert a cross-claim against an otherwise non-adverse party. *Getty Oil,* 845 S.W.2d at 800.

third-party claim against a *potential* co-defendant for contribution and indemnity should be treated differently, for res judicata purposes, from such a cross-claim against an *actual* co-defendant. *See Adams,* 754 S.W.2d at 721 (indemnity claims against non-opposing parties were cross-claims or third-party claims). Indeed, at oral argument Morris framed the issue before this court as being whether a cross-action against co-defendants for contribution and indemnity requires the cross-action plaintiff to bring all causes of action he has against the co-defendants. Under *Getty,* we must respond in the affirmative.

Morris was not under any requirement to bring any claim against appellees in the Virginia suit. Once Morris elected to sue appellees for contribution and indemnity in the Virginia suit, he was also required to bring his personal injury claim against appellees in the same action. His failure to do so barred Morris from subsequently asserting his personal injury claim in the Texas suit.

We overrule Morris's second point of error. In light of our holding with regard to this point of error, we deem it unnecessary to consider Morris's first and fourth points of error.

The trial court's judgment is affirmed.