■ CHASE MANHATTAN BANK, Respondent, v AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P., Appellant, et al., Defendants. [748 NYS2d 360] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 9, 2002, which, to the extent appealed from, denied the motion of defendant Akin, Gump, Strauss, Hauer & Feld, L.L.P. (Akin Gump) for summary judgment dismissing the complaint as against it as barred by collateral estoppel, judicial estoppel, and res judicata, unanimously affirmed, without costs.

Although in a prior diversity action, the Western District of Texas, adopting the recommendations of a Magistrate Judge, determined that Texas law governed, and required the dismissal of two contribution claims asserted against parties other than Akins Gump, plaintiff herein, the Chase Manhattan Bank (Chase), is not collaterally estopped from asserting contribution claims barred under Texas law against Akins Gump, since a choice-of-law analysis specific to Chase and Akin Gump was not actually litigated or necessary to the prior determinations, and thus it has not yet been decided whether the preclusive provisions of substantive Texas law apply to Chase's presently asserted claim for contribution.

Chase's claim is not barred under the doctrine of res judicata either. Since the prior action was litigated under diversity jurisdiction in federal court, the preclusion law of the state in

which the court sat, Texas, applies (*see Semtek Intl. Inc. v Lockheed Martin Corp.*, 531 US 497, 507-509). Under Texas law, res judicata bars a defendant's claim if that claim was compulsory in the original action (*see Ingersoll-Rand Co. v Valero Energy Corp.*, 997 SW2d 203, 207 [Tex]). However, contribution claims under Texas law are permissive, not compulsory (*see Ingersoll-Rand Co. v Valero Energy Corp.*, 997 SW2d 203, 208 [Tex]; *Morris v Landoll Corp.*, 856 SW2d 265 [Tex Ct App, 2d Dist, writ denied]).

Finally, we do not find the invocation of judicial estoppel warranted in this case. Concur—Andrias, J.P., Saxe, Buckley and Lerner, JJ.