Opinion of April 13, 2006 Withdrawn; Dismissed and Substitute Opinion
filed August 31, 2006








Opinion of April 13, 2006
Withdrawn; Dismissed and Substitute Opinion filed August 31, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-03-00969-CV

_______________

 

JERRY GANTT and LISA FOSTER GANTT, Appellants

 

V.

 

CAROL B. GANTT, Appellee

                                                                                                                                               


On Appeal from 309th District Court

Harris County, Texas

Trial Court Cause No. 95-020186

                                                                                                                                               


 

 S U B S T I T U T E  O P I N I O N

 

We overrule appellee=s motion for rehearing, withdraw our
opinion issued in this case on April 13, 2006, and issue this substitute
opinion in its place.  In this divorce case, the parties appeal and
cross-appeal a 2003 divorce decree and final judgment (the A2003 judgment@) on numerous grounds.  We dismiss
for lack of subject matter jurisdiction. 








Jerry Gantt (AJerry@) and Carol Gantt (ACarol@) were married in 1966, and Jerry
filed for divorce in 1995.  The trial court entered a divorce decree on October
30, 1996 (the A1996 decree@) pursuant to the jury=s findings, but dismissed Carol=s claims against Lisa Gantt (ALisa@)[1]
for fraudulent transfer and civil conspiracy (arising from a diversion of
community funds by Jerry to Lisa).  Carol filed a motion for new trial on
November 4, 1996, but Jerry filed a chapter 7 bankruptcy petition on November
5, 1996, and the bankruptcy court lifted the resulting stay on March 28, 1997.[2] 
On May 15, 1997, Carol filed a motion for modification or clarification of
judgment and restated motion for new trial, which the trial court overruled by
order dated June 4, 1997.  On that same day, Carol filed a notice of (limited)
appeal.  On August 12, 1999, the Corpus Christi Court of Appeals affirmed the
1996 decree but reversed the dismissal of Carol=s conspiracy claim and remanded that
portion of the case.  However, on July 12, 2000, the trial court entered an
order vacating the 1996 decree, and on March 31, 2003, entered the 2003
judgment following a jury trial.

Among other issues in this appeal,
Jerry and Lisa contend that Carol did not timely perfect her appeal of the 1996
decree because she failed to file her notice of that appeal within 30 days
after the bankruptcy stay was lifted, as required by section 108(c) (Asection 108(c)@) of the Bankruptcy Code.  Therefore,
Jerry and Lisa claim that the Corpus Christi Court of Appeals, the trial court
on remand and retrial, and this Court all lack(ed) jurisdiction over this
case.  Carol argues that her appeal of the 1996 decree was timely because
section 108(c) tolled the time limit for perfecting the appeal.  








Subject matter jurisdiction is never
presumed and cannot be conferred by consent, estoppel, or waiver.[3] 
A lack of subject matter jurisdiction may be raised at any time in the same
civil action, even initially at the highest appellate instance.  Kontrick v.
Ryan, 540 U.S. 443, 455 (2004).  Even if not raised, issues affecting
jurisdiction must be reviewed sua sponte.[4] 
M.O. Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004).  An untimely
notice of appeal fails to invoke the appeals court=s jurisdiction and requires dismissal
of the appeal.[5]

Section 108(c) provides, with other
exceptions not applicable here, that:

[I]f applicable nonbankruptcy law . . . fixes a period
for commencing or continuing a civil action in a court other than bankruptcy
court on a claim against the debtor, . . . and such period has not expired
before the date of the filing of the [bankruptcy] petition, then such period
does not expire until the later ofB








(1) the end of such period, including any suspension
of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or
expiration of the stay under section 362 . . . with respect to such claim.

 

11 U.S.C.A. ' 108(c) (West 2004).

By its express terms, section 108(c)
tolls no time limits, but provides only for some deadlines to be extended for
30 days after notice of the termination of a bankruptcy stay.  Id.
Beyond this, a time period may be further suspended only if mandated by other
federal or state law incorporated through section 108(c).[6] 
Section 108(c) thereby anticipates and provides for the expiration of periods
for commencing or continuing civil actions during bankruptcy stays; and an interpretation
of that section as tolling such periods would render its 30 day extension of
time largely meaningless.  See Thurman v. Tafoya, 895 P.2d 1050, 1056
(Colo. 1995).  Because Carol has cited, and we have found, no authority that
section 108(c) tolls our post-judgment or appellate timetables,[7]
and because other Texas appeals courts have held that section 108(c) does not
do so (but provides only a residuary 30-day extension of time),[8]
we have no basis to conclude otherwise.








In this case, from the time the
bankruptcy petition was filed in November of 1996 until the stay was lifted on
March 28, 1997, all remaining post-judgment time periods (relevant to this
appeal) had expired.  When the stay was then lifted, section 108(c)(2) gave
Carol another thirty days (until April 27, 1997) to either perfect her appeal
or take such other action to continue the lawsuit as for which the time period
had not expired on November 5, 1996 when the stay commenced.  Because she
failed to take any such action within that 30 day period, her subsequent
filings in the trial court did not extend the time for perfecting appeal, and
her notice of appeal was not timely and did not invoke the jurisdiction of the
Corpus Christi Court of Appeals.[9]  For the same
reason, the trial court lacked jurisdiction to vacate the 1996 decree, retry
the case, and enter the 2003 decree,[10] and this
court lacks jurisdiction to address an appeal of that judgment.[11] 
Accordingly, we dismiss this appeal for lack of jurisdiction and order that the
2003 judgment be vacated and the 1996 decree be reinstated as the final
judgment in this case.[12]     

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Substitute
Opinion filed August 31, 2006.

Panel consists of Chief Justice
Hedges and Justices Edelman and Seymore.









[1]           Jerry and Lisa were married on November 10,
1996. 





[2]           The record reflects that the order lifting
the bankruptcy stay was signed on March 17, 1997, and was file stamped March
29, 1997.  However, the parties agree that the bankruptcy stay was lifted March
28, 1997, and any discrepancy between these dates is not material to our disposition.





[3]           Hubenak v. San Jacinto Gas Transmission
Co., 141 S.W.3d 172, 181 (Tex. 2004); Wilmer-Hutchins Indep. Sch. Dist.
v. Sullivan, 51 S.W.3d 293, 294 (Tex. 2001); Waco Indep. Sch. Dist. v.
Gibson, 22 S.W.3d 849, 850 (Tex. 2000); Dubai Petroleum Co. v. Kazi,
12 S.W.3d 71, 76 (Tex. 2000); Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993). 





[4]           Carol=s
motion for rehearing contends that the law of the case doctrine precludes our
authority to dismiss this appeal for lack of subject matter jurisdiction
because the Corpus Christi Court of Appeals, by issuing an opinion and
judgment, necessarily concluded that it had jurisdiction and, thus, its ruling
may not now be disturbed.  In support of this contention, Carol cites Flippin
v. Wilson State Bank, 780 S.W.2d 457 (Tex. App.CAmarillo 1989, writ denied) and Dobbs v. Navarro,
506 S.W.2d 671 (Tex. Civ. App.CHouston [1st
Dist.] 1974, no writ).  However, neither of these cases addressed the law of
the case doctrine.  In Dobbs, the court stated with regard to the finality
of the judgment: A[s]ince that case was appealed to the Court of Civil
Appeals, and proceeded to judgment in that court, we must conclude that the
issue of jurisdiction was considered by that court and that it determined the
judgment to be final and appealable.@ 
506 S.W.2d at 673.  Similarly, the Flippin opinion stated with regard to
the Acourt of competent jurisdiction@ element of res judicata that A[e]very court in rendering a judgment tacitly, if not
expressly, determines its jurisdiction over the parties and the subject matter.@  780 S.W.2d at 460.  However, even with res
judicata, the rule is that a court should not examine the question of
jurisdiction anew after another court has already decided the question of
jurisdiction as a contested issue.  Stoll v. Gottlieb, 305 U.S.
165, 172 (1938);  see Durfee v. Duke, 375 U.S. 106, 111-14 (1963). 
Correspondingly, A[t]he law of the case doctrine is defined as that
principle under which questions of law decided on appeal . . . will
govern the case throughout its subsequent stages.@  Loram Maint. of Way, Inc. v. Ianni, No. 04-0666, 2006 WL
1791692, at *2 (Tex. June 30, 2006) (emphasis added).  It therefore applies
only to questions of law expressly considered and decided in a prior appeal.  United
States v. Hatter, 532 U.S. 557, 565-66 (2001);  City of San Antonio v.
San Antonio Indep. Sch. Dist., 683 S.W.2d 67, 69 (Tex. App.CSan Antonio 1984, writ ref=d n.r.e.); see also Loram, 2006 WL 1791692 at
*2; 6 Tex. Jur. 3d Appellate Review ''
856, 857 (1999).  Thus, in deciding its jurisdiction, a court is not bound by a
prior exercise of jurisdiction where it was not questioned, but was passed sub
silentio.  United States v. L.A. Tucker Truck Lines, Inc., 344 U.S.
33, 37-38 (1952).  In this case, because Carol has cited, and we have found, no
authority supporting her contention, and because the opinion of the Corpus
Christi Court of Appeals reflects no consideration of the jurisdictional issue
now before us, we have no basis to sustain her ground for rehearing.





[5]           See In re K.A.F., 160 S.W.3d 923,
927 (Tex. 2005), cert. denied, __ U.S. __, 126 S. Ct. 483 (2005); Wilkins
v. Methodist Health Care Sys., 160 S.W.3d 559, 564 (Tex. 2005).





[6]           Rogers v. Corrosion Prods. Inc., 42
F.3d 292, 297 (5th Cir. 1995); Aslanidis v. U.S. Lines, Inc., 7 F.3d
1067, 1072 (2d Cir. 1993).  Effective September 1, 1997, Texas Rule of
Appellate Procedure 8.2 was newly promulgated, stating in part:

 

A bankruptcy suspends the appeal and all periods in
these rules from the date when the bankruptcy petition is filed until the
appellate court reinstates or severs the appeal in accordance with federal
law.  A period that began to run and had not expired at the time the proceeding
was suspended begins anew when the proceeding is reinstated or severed under
8.3.

 

Tex. R. App. P. 8.2.  However,
we have found no authority that any such rule applied before rule 8.2 went into
effect.  See infra note 7.





[7]           All of the cases Carol cites involve the
tolling of statutes of limitations rather than a tolling of post-judgment or
appellate deadlines.   





[8]           Chunn v. Chunn, 929 S.W.2d 490, 494
(Tex. App.CHouston [1st Dist.] 1996, no writ); Raley v. Lile,
861 S.W.2d 102, 105 (Tex. App.CWaco 1993, writ
denied); see also Robinson v. Robinson, No. 14-94-00606-CV, 1996 WL
41911, at *8 (Tex. App.CHouston [14th Dist.] Feb. 01, 1996, writ dism=d) (not designated for publication) (holding that no
Texas law suspends the timetable for filing a motion for new trial during an
automatic bankruptcy stay).  





[9]           See Wilkins, 160 S.W.3d at 564; Butts
v. Capitol City Nursing Home, Inc., 705 S.W.2d 696, 697 (Tex. 1986). 





[10]          See Tex.
R. Civ. P. 329b(f).  Any order entered outside a court=s plenary power is void.  In re Sw. Bell Tel. Co.,
35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).





[11]          State ex rel. Latty v. Owens, 907
S.W.2d 484, 486 (Tex. 1995); Fulton v. Finch, 346 S.W.2d 823, 827 (Tex.
1961); Kerr v. Harris County, 177 S.W.3d 290, 295 (Tex. App.CHouston [1st Dist.] 2005, no pet.).  





[12]          Because of this disposition, we need not
address the other challenges presented.