Jerry **GANTT** and Lisa Foster **Gantt**, Appellants,

v.

Carol B. **GANTT**, Appellee.

No. 14–03–00969–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 31, 2006.

Rehearing Overruled Oct. 26, 2006.

JoAnn Storey, Houston, for appellants.

Levon Hovnatanian, Stewart A. Feldman, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices EDELMAN and SEYMORE.

## SUBSTITUTE OPINION

RICHARD H. EDELMAN, Justice.

We overrule appellee's motion for rehearing, withdraw our opinion issued in this case on April 13, 2006, and issue this substitute opinion in its place. In this divorce case, the parties appeal and cross-appeal a 2003 divorce decree and final judgment (the "2003 judgment") on numerous grounds. We dismiss for lack of subject matter jurisdiction.

Jerry Gantt ("Jerry") and Carol Gantt ("Carol") were married in 1966, and Jerry filed for divorce in 1995. The trial court entered a divorce decree on October 30, 1996 (the "1996 decree") pursuant to the jury's findings, but dismissed Carol's claims against Lisa Gantt ("Lisa")[1] for fraudulent transfer and civil conspiracy (arising from a diversion of community funds by Jerry to Lisa). Carol filed a motion for new trial on November 4, 1996, but Jerry filed a chapter 7 bankruptcy petition on November 5, 1996, and the bankruptcy court lifted the resulting stay on March 28, 1997.[2] On May 15, 1997, Carol filed a motion for modification or clarification of judgment and restated motion for new trial, which the trial court overruled by order dated June 4, 1997. On that same day, Carol filed a notice of (limited) appeal. On August 12, 1999, the Corpus Christi Court of Appeals affirmed the 1996 decree but reversed the dismissal of Carol's conspiracy claim and remanded that portion of the case. However, on July 12, 2000, the trial court entered an order vacating the 1996 decree, and on March 31, 2003, entered the 2003 judgment following a jury trial.

Among other issues in this appeal, Jerry and Lisa contend that Carol did not timely perfect her appeal of the 1996 decree because she failed to file her notice of that appeal within 30 days after the bankruptcy stay was lifted, as required by section 108(c) ("section 108(c)") of the Bankruptcy Code. Therefore, Jerry and Lisa claim that the Corpus Christi Court of Appeals, the trial court on remand and retrial, and this Court all lack(ed) jurisdiction over this case. Carol argues that her appeal of the 1996 decree was timely because section 108(c) tolled the time limit for perfecting the appeal.

Subject matter jurisdiction is never presumed and cannot be conferred by consent, estoppel, or waiver.[3] A lack of subject matter jurisdiction may be raised at any time in the same civil action, even initially at the highest appellate instance. *Kontrick v. Ryan*, 540 U.S. 443, 455, 124

---

**1.** Jerry and Lisa were married on November 10, 1996.

**2.** The record reflects that the order lifting the bankruptcy stay was signed on March 17, 1997, and was file stamped March 29, 1997. However, the parties agree that the bankruptcy stay was lifted March 28, 1997, and any

discrepancy between these dates is not material to our disposition.

**3.** *Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 181 (Tex.2004); *Wilmer–Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex.2001); *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850 (Tex.

S.Ct. 906, 157 L.Ed.2d 867 (2004). Even if not raised, issues affecting jurisdiction must be reviewed *sua sponte*.[4] *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). An untimely notice of appeal fails to invoke the appeals court's jurisdiction and requires dismissal of the appeal.[5]

Section 108(c) provides, with other exceptions not applicable here, that:

[I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of the filing of the [bankruptcy] petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362 ... with respect to such claim.

11 U.S.C.A. § 108(c) (West 2004).

By its express terms, section 108(c) tolls no time limits, but provides

---

2000); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex.2000); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex.1993).

**4.** Carol's motion for rehearing contends that the law of the case doctrine precludes our authority to dismiss this appeal for lack of subject matter jurisdiction because the Corpus Christi Court of Appeals, by issuing an opinion and judgment, necessarily concluded that it had jurisdiction and, thus, its ruling may not now be disturbed. In support of this contention, Carol cites *Flippin v. Wilson State Bank*, 780 S.W.2d 457 (Tex.App.-Amarillo 1989, writ denied) and *Dobbs v. Navarro*, 506 S.W.2d 671 (Tex.Civ.App.-Houston [1st Dist.] 1974, no writ). However, neither of these cases addressed the law of the case doctrine. In *Dobbs*, the court stated with regard to the *finality of the judgment*: "[s]ince that case was appealed to the Court of Civil Appeals, and proceeded to judgment in that court, we must conclude that the issue of jurisdiction was considered by that court and that it determined the judgment to be final and appealable." 506 S.W.2d at 673. Similarly, the *Flippin* opinion stated with regard to the "court of competent jurisdiction" element of *res judicata* that "[e]very court in rendering a judgment tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter." 780 S.W.2d at 460. However, even with *res judicata*, the rule is that a court should not examine the question of jurisdiction anew after another court has already decided the question of jurisdiction *as a contested issue*. *Stoll v. Gottlieb*, 305 U.S. 165, 172, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *see Durfee v. Duke*, 375 U.S. 106, 111–14, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). Correspondingly, "[t]he law of the case doctrine is defined as that principle under which questions of law *decided* on appeal ... will govern the case throughout its subsequent stages." *Loram Maint. of Way, Inc. v. Ianni*, No. 04–0666, 2006 WL 1791692, at *2, 210 S.W.3d 593, at 596 (Tex. June 30, 2006) (emphasis added). It therefore applies only to questions of law expressly considered and decided in a prior appeal. *United States v. Hatter*, 532 U.S. 557, 565–66, 121 S.Ct. 1782, 149 L.Ed.2d 820 (2001); *City of San Antonio v. San Antonio Indep. Sch. Dist.*, 683 S.W.2d 67, 69 (Tex. App.-San Antonio 1984, writ ref'd n.r.e.); *see also Loram*, 2006 WL 1791692 at *2, at 596; 6 Tex. Jur.3d *Appellate Review* §§ 856, 857 (1999). Thus, in deciding its jurisdiction, a court is not bound by a prior exercise of jurisdiction where it was not questioned, but was passed *sub silentio*. *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37–38, 73 S.Ct. 67, 97 L.Ed. 54 (1952). In this case, because Carol has cited, and we have found, no authority supporting her contention, and because the opinion of the Corpus Christi Court of Appeals reflects no consideration of the jurisdictional issue now before us, we have no basis to sustain her ground for rehearing.

**5.** *See In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 483, 163 L.Ed.2d 364 (2005); *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex.2005).

only for some deadlines to be extended for 30 days after notice of the termination of a bankruptcy stay. *Id.* Beyond this, a time period may be further suspended only if mandated by other federal or state law incorporated through section 108(c).[6] Section 108(c) thereby anticipates and provides for the expiration of periods for commencing or continuing civil actions during bankruptcy stays; and an interpretation of that section as tolling such periods would render its 30 day extension of time largely meaningless. *See Thurman v. Tafoya,* 895 P.2d 1050, 1056 (Colo.1995). Because Carol has cited, and we have found, no authority that section 108(c) tolls our post-judgment or appellate timetables,[7] and because other Texas appeals courts have held that section 108(c) does not do so (but provides only a residuary 30–day extension of time),[8] we have no basis to conclude otherwise.

 In this case, from the time the bankruptcy petition was filed in November of 1996 until the stay was lifted on March 28, 1997, all remaining post-judgment time periods (relevant to this appeal) had expired. When the stay was then lifted, section 108(c)(2) gave Carol another thirty days (until April 27, 1997) to either perfect her appeal or take such other action to continue the lawsuit as for which the time period had not expired on November 5, 1996 when the stay commenced. Because she failed to take any such action within that 30 day period, her subsequent filings in the trial court did not extend the time for perfecting appeal, and her notice of appeal was not timely and did not invoke the jurisdiction of the Corpus Christi Court of Appeals.[9] For the same reason, the trial court lacked jurisdiction to vacate the 1996 decree, retry the case, and enter the 2003 decree,[10] and this court lacks jurisdiction to address an appeal of that judgment.[11] Accordingly, we dismiss this appeal for lack of jurisdiction and order that the 2003 judgment be vacated and the 1996 decree be reinstated as the final judgment in this case.[12]

6. *Rogers v. Corrosion Prods. Inc.,* 42 F.3d 292, 297 (5th Cir.1995); *Aslanidis v. U.S. Lines, Inc.,* 7 F.3d 1067, 1072 (2d Cir.1993). Effective September 1, 1997, Texas Rule of Appellate Procedure 8.2 was newly promulgated, stating in part:

> A bankruptcy suspends the appeal and all periods in these rules from the date when the bankruptcy petition is filed until the appellate court reinstates or severs the appeal in accordance with federal law. A period that began to run and had not expired at the time the proceeding was suspended begins anew when the proceeding is reinstated or severed under 8.3.

TEX. R. APP. P. 8.2. However, we have found no authority that any such rule applied before rule 8.2 went into effect. *See infra* note 7.

7. All of the cases Carol cites involve the tolling of statutes of limitations rather than a tolling of post-judgment or appellate deadlines.

8. *Chunn v. Chunn,* 929 S.W.2d 490, 494 (Tex. App.-Houston [1st Dist.] 1996, no writ); *Raley v. Lile,* 861 S.W.2d 102, 105 (Tex.App.-Waco 1993, writ denied); *see also Robinson v. Robinson,* No. 14–94–00606–CV, 1996 WL 41911, at *8 (Tex.App.-Houston [14th Dist.] Feb. 01, 1996, writ dism'd) (not designated for publication) (holding that no Texas law suspends the timetable for filing a motion for new trial during an automatic bankruptcy stay).

9. *See Wilkins,* 160 S.W.3d at 564; *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex.1986).

10. *See* TEX. R. CIV. P. 329b(f). Any order entered outside a court's plenary power is void. *In re Sw. Bell Tel. Co.,* 35 S.W.3d 602, 605 (Tex.2000) (orig. proceeding).

11. *State ex rel. Latty v. Owens* 907 S.W.2d 484, 486 (Tex.1995); *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 827 (1961); *Kerr v. Harris County,* 177 S.W.3d 290, 295 (Tex. App.–Houston [1st Dist.] 2005, no pet.).

**12.** Because of this disposition, we need not address the other challenges presented.