In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-386 CV


____________________



FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIATION,


FIRE UNDERWRITERS ASSOCIATION, FARMERS INSURANCE EXCHANGE, and FIRE INSURANCE EXCHANGE, Appellants



V.



SANDRA GETER, Appellee






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-167,872






MEMORANDUM OPINION


 This is the second interlocutory appeal arising from the certification of a class of
homeowners' insurance policyholders under Texas Rule of Civil Procedure 42(b)(2). In a
previous opinion, Farmers Group Incorporated v. Geter, No. 09-03-404-CV, 2004 WL
2365394, at *1 (Tex. App.--Beaumont Oct. 21, 2004, no pet.) (Farmers I), we reversed and
remanded in part. In issue one of that appeal, Farmers (1) asserted the trial court improperly
certified the class under Rule 42(b)(2). In reviewing the issue, we applied the principles
enunciated in Compaq Computer Corporation v. Lapray, 135 S.W.3d 657 (Tex. 2004). In
resolving issue one we stated: 

 We find the trial court here did not examine the notice and opt-out
issues as now required by La[p]ray, an examination that could affect the
class's composition. And, of course, the trial court has had no opportunity to
analyze the cohesiveness that will exist if the court orders notice and opt-out
for the (b)(2) class members. Thus, we reverse those parts of the trial court's
judgment that determine Geter has carried her burden under Rule 42(b)(2).


Geter, 2004 WL 2365394, at *4. As to this appeal, we affirm.


Background


 A more detailed factual background can be found in the Farmers I opinion, but an
abbreviated description is still necessary. In November 2001, Farmers requested the Texas
Department of Insurance (TDI) to approve a new homeowners policy. After TDI approved
a new policy form, HO-A, which excluded coverage for most mold and water damage
claims, Farmers stopped offering its HO-B policies as they came up for renewal. TDI and
the Texas Attorney General began an investigation of Farmers. Subsequently, on August 5,
2002, the Texas Attorney General sued Farmers in Travis County on behalf of Texas policy
holders. Included in the State's claims was Farmers' "switching" of policyholders from the
HO-B policy, allegedly resulting in less coverage but higher costs for policyholders. The
State requested injunctive relief against Farmers, but did not assert a claim for class relief.
Further, the State did not challenge Farmers' nonrenewal of the HO-B policies and did not
seek a declaration that the HO-B policies were wrongfully nonrenewed.

 On August 13, 2002, TDI issued an Emergency Cease and Desist Order against
Farmers, requiring Farmers to cease and desist from increasing rates and seeking to regulate
the new rates. On August 27, 2002, Ms. Geter filed her class action petition seeking
declaratory relief regarding the HO-B policyholders' contractual rights to renewal of their
policies. (2) In December, 2002, the State amended its petition to assert a claim for settlement
class relief and request creation of three settlement classes. One of the settlement classes,
the Rate Class, includes all policyholders "who received a notice at any time after November
14, 2001, that their HO-B policy would not be renewed." The damages sought are limited
to the "restoration" of excessive premiums charged to policyholders who bought the HO-A
policies they were offered when their HO-B policies were not renewed. The same day, the
State and Farmers entered into a settlement agreement. The claims released include those
that arise out of or relate to Farmers' decisions to "no longer offer HO-B policies" and to
offer "HO-A policies in place of HO-B policies."

 In January 2003, Farmers filed a counterclaim in the Travis County litigation
requesting a declaratory judgment that: (a) its nonrenewal of HO-B policies and offering
HO-A policies in place of HO-Bs was consistent with Texas law; (b) the restrictions on non-renewal of policies contained in TDI's non-renewal endorsement did not prohibit non-renewal based on Farmers' business decision not to offer HO-B policies anymore; (c)
Farmers' offering HO-A policies was consistent with any and all obligations that may have
been imposed upon Farmers by the Insurance Code or TDI. On June 27, 2003, the Travis
County trial court certified the settlement class and preliminarily approved the settlement
agreement in the State's case against Farmers. On August 29, 2003, the trial court here
certified the Geter Class (3) after Farmers' request for emergency stay of the certification
hearing was denied by this Court and the Texas Supreme Court. In December, 2003, The
Third District Court of Appeals heard oral arguments on an appeal of the certification order
in the Travis County case. In January, 2005, the Third Court of Appeals reversed the
certification order concluding the Attorney General could not bring the class action without
an individual class representative. Lubin v. Farmers Group, Inc., 157 S.W.3d 113 (Tex.
App.--Austin 2005, pet. granted), rev'd, Farmer Group, Inc. v. Lubin, 222 S.W.3d 417 (Tex.
2007).

Standard of Review


 As the Texas Supreme Court explained, appellate courts review a trial court's decision
on class certification for abuse of discretion, but a reviewing court must not indulge every
presumption in favor of the trial court's ruling. Henry Schein, Inc. v. Stromboe, 102 S.W.3d
675, 691(Tex. 2002). While some of the trial court's determinations, such as "those based
on its assessment of the credibility of witnesses, for example -- must be given the benefit of
the doubt . . . [c]ompliance with Rule 42 must be demonstrated; it cannot merely be
presumed." Id. A trial court abuses its discretion when it: (1) acts arbitrarily or
unreasonably; (2) does not properly apply the law to the undisputed facts; or (3) rules on
factual assertions not supported by the record. Vincent v. Bank of Am., N.A., 109 S.W.3d
856, 864 (Tex. App.--Dallas 2003, pet. denied).

 All classes seeking certification must satisfy all four requirements of Rule 42(a) and
at least one of the requirements of Rule 42(b). Tex. R. Civ. P. 42; Sw. Refining Co., Inc. v.
Bernal, 22 S.W.3d 425, 433 (Tex. 2000). Under Rule 42(a), the plaintiff must show: (1) the
class is so numerous that joinder is impracticable (numerosity); (2) there are common
questions of law or fact (commonality); (3) the representative's claims are typical of the class
(typicality), and (4) the representative parties will protect the interests of the class (adequacy
of representation). See Tex. R. Civ. P. 42(a); Bernal, 22 S.W.3d at 433. Where the 42(a)
requirements have been satisfied, a Rule 42(b)(2) class may be certified if "the party
opposing the class has acted or refused to act on grounds generally applicable to the class,
thereby making appropriate final injunctive relief or corresponding declaratory relief with
respect to the class as a whole." See Tex. R. Civ. P. 42(b)(2). (4)

 Farmers presents seven issues for review. (5) Unfortunately, the arguments in its brief
do not correlate to the verbiage in their issues; therefore we shall address the content of its
arguments rather than the exact issues.

 Farmers first argues the requirements for Rule 42(b)(2) are not met in that the class
lacks cohesiveness and Rule 42(b)(2) cannot provide the contemplated declaratory relief. 
Under Compaq, the cohesiveness analysis will usually be identical to the predominance and
superiority analysis required in (b)(3) classes. Compaq, 135 S.W.3d at 671. A more rigorous
definition of cohesiveness is required only if the class is a mandatory one with no
opportunity for members to opt out. Id. This is not the case here; there is a notice and opt
out provision in the trial plan. All members of this class must have held a HO-B policy and
sought a declaration of their right to renew under the policy language. There is neither any
individualized harm nor individualized remedy as argued by Farmers. We find the trial court
properly conducted the cohesiveness analysis. Issue one is overruled.

 The second argument is Ms. Geter has failed to demonstrate the requisite
predominance to support a class. "The test for predominance is not whether common issues
outnumber uncommon issues, but, . . . 'whether common or individual issues will be the
object of most of the efforts of the litigants and the court.'" Bernal, 22 S.W.3d at 434
(quoting Cent. Power and Light Co. v. City of San Juan, 962 S.W.2d 602, 610 (Tex. App.--Corpus Christi 1998, writ dism'd w.o.j.)). Farmers asserts the "supplemental" relief destroys
predominance by continuing to argue this is a damages case. The plaintiff has repeatedly
abandoned any plea for damages. The trial court has repeatedly stated this is not a damage
case and this court has previously acknowledged damages are not a part of this case. The
supplemental relief is mentioned in the court's trial plan but only as part of that ancillary
relief which may be necessary to enforce the declaratory judgment. Tex. Civ. Prac. & Rem.
Code Ann. § 37.011 (Vernon 1997). 

 Farmers also asserts issues of contract ambiguity destroy predominance. Yet Farmers
does not point out how the contract is ambiguous. In fact it admits it will argue (at the proper
time) that the contract is unambiguous. Ms. Geter acknowledges the policy language is
unambiguous. All of Farmers' arguments on the predominance issue are unfounded. Issue
two is overruled.

 In issue three, Farmers asserts the class procedure is not a superior method of
resolving the issues because it usurps the role of the TDI. (6) At the time the nonrenewal
scheme was implemented, Farmers' premiums were not regulated by the TDI. Only the
types of policies and their forms were subject to regulation. (7) Ms. Geter's and the class's
complaint is not about any of those issues; it is whether Farmers was obligated to renew the
HO-B policy. Even if the TDI may be involved in setting the rate for the HO-B policy if the
class is successful in requiring Farmers to renew the policy, this is a post-litigation
administrative matter not affecting the initial class certification.

 In that same vein, Farmers also argues the "filed rate" or "filed tariff" doctrine
dictates that administrative agencies, in this case, the TDI, should exercise their legislatively-delegated authority to regulate certain industries to the exclusion of the courts. As previously
discussed, this issue raised by this litigation is not one within the province of the TDI. Issue
three is overruled. 

 In issue four, Farmers complains about the court's trial plan. It first argues the plan
does not address any provision for trial if the policy is found to be ambiguous. As noted in
issue two, neither party makes such a claim; therefore there is no necessity to plan for a non-event. Farmers also argues the failure to set out the specific notice makes the trial plan
defective. Farmers provided no authority which requires the actual form and wording of the
notice to be specified at this stage of the litigation nor have we found any. Until the class is
certified there is no necessity for the trial court to determine the details of the notice to be
given. All that is required, at this stage, is the determination that notice and opt-out will be
provided, not the specifics of that notice. Issue four is overruled.

 Issues five, six and seven attack standing and adequacy of representation. These
issues were addressed in issues three and four in Farmers I. Having previously decided these
issues, the "law of the case" (8)
 doctrine applies. Issues five, six and seven are overruled.

 Farmers has filed a supplemental brief (9) alleging the recent opinion of the Texas
Supreme Court in Citizens Insurance Company of America v. Daccach, 217 S.W.3d 430
(Tex. 2007), is controlling, if not dispositive. We disagree. The class before the court in
Citizens was a damage class certified under Rule 42(b)(3). Id. at 438 n.5; see Tex. R. Civ.
P. 42 (b)(3). In that case, the class began with multiple causes of actions with damages. The
class representative decided to abandon all but one of the damage claims, and the trial court
certified that single damage claim. Id. at 448. The Court of Appeals held the abandoned
claims would not be subject to res judicata based on the class action. Id. The Supreme Court
disagreed and held the abandoned claims would be subject to res judicata. Id. at 450.

 Farmers argues that Ms. Geter's failure to assert a damage claim would present the
same claims preclusion problems present in Citizens. Ms. Geter is seeking, for the class, the
right to renew the HO-B policy under the policy provisions; she is not making any claim for
any losses a policyholder may have suffered under the policy. In fact, no claim for damages
could have accrued since there was no policy in effect nor has any policyholder complied
with all the conditions precedent called for by the policy. (10)

 The trial court was aware the issue of claims preclusion in the context of class actions
was before the Supreme Court and tailored its certification order, including the notice
provisions, appropriately. 

 In summary, we previously reversed the trial court because of the Supreme Court's
instructions in Lapray. The trial court, in our view, has meticulously complied with our
previous opinion and the requirements of Lapray. Therefore, we affirm.

 AFFIRMED.




 __________________________________

 DON BURGESS (11)

 Justice 



Submitted on May 11, 2006

Opinion Delivered July 26, 2007


Before Kreger, Burgess, and Murphy (12), JJ.
1. We refer to appellants collectively as "Farmers."
2. Contained in paragraph 6, subparagraphs a, b, and c of the policy, the pertinent 
language is :


 a. We may not refuse to renew this policy because of claims for losses resulting from
natural causes.

 b. We may not refuse to renew this policy solely because you are an elected official.

 c. We may refuse to renew this policy if you have filed three or more claims under 
the policy in any three year period that do not result from natural causes.


If you have filed two claims in a period of less than three years, we may notify you in
writing, that if you file a third claim during the three year period, we may refuse to renew this
policy by providing you proper notice of our refusal to renew as provided in d. below. If we
do not notify you after the second claim, we may not refuse to renew this policy because of
losses.


A claim does not include a claim that is filed but is not paid or payable under the policy.
3. The trial court defined the class as plaintiff Sandra Geter and all persons who, on
or after November 14, 2001, received a notice from one or more Defendants advising them
that their current HO-B homeowner policies covering property in the State of Texas would
not be renewed upon expiration.
4. (b) Class Actions Maintainable. An action may be maintained as a class action
if the prerequisites of subdivision (a) are satisfied, and in addition:

 (1) the prosecution of separate actions by or against individual members of the class
would create a risk of

 (A) inconsistent or varying adjudications with respect to
individual members of the class which would establish incompatible
standards of conduct for the party opposing the class, or

 (B) adjudications with respect to individual members of the class
which would as a practical matter be dispositive of the interests of the
other members not parties to the adjudications or substantially impair
or impede their ability to protect their interests; or

 (2) the party opposing the class has acted or refused to act on grounds generally
applicable to the class, thereby making appropriate final injunctive relief or corresponding
declaratory relief with respect to the class as a whole; or

 (3) the questions of law or fact common to the members of the class predominate over
any questions affecting only individual members, and a class action is superior to other
available methods for the fair and efficient adjudication of the controversy. . . . 


Tex. R. Civ. P. 42(b)
5. 1. Can a court certify an opt-out, equitable-relief class under Rule 42(b)(2) when
the only declaration sought by the class is that the defendant breached contracts with the
class members, which, if successful, could give rise to diverse and highly individualized
claims for relief or damages? Should a court certify a class ostensibly seeking only limited
declaratory relief when it is abundantly clear that the relief, if granted, will not remedy any
alleged wrong or terminate the controversy?

 2. Can a court certify a class which lacks predominance because of a request for
supplemental relief?

 3. Can a court certify a class which lacks superiority by usurping the TDI's role in
regulating insurers and setting rates for policies?

 4. Is the conclusory "trial plan" that simply adopts the plaintiff's characterization of
a single issue desired to be tried -- without consideration of the remedies that are raised by
the allegations made -- sufficient under Southwestern Ref. Co. v. Bernal, 22 S.W.3d 425
(Tex. 2000), and Henry Schein, Inc. v. Stromboe, 102 S.W.3d 675 (Tex. 2002)?

 5. Does Geter lack standing to serve as class representative since she lacks a legally
cognizable injury, having procured homeowners insurance and having suffered no
uncompensated loss?

 6. If Geter actually intends to forego damages, as the Order provides, can she be an
adequate representative of the class?

 7. Can Geter be a proper class representative of a class regarding homeowners
coverage when she now holds a different policy from other class members?
6. We are unsure this issue was presented to the trial court in that neither party points
to any motion to dismiss or abate predicated on this issue that was ruled upon by the trial
judge. In any event, we will address it.
7. Regulatory provisions in effect until April 1, 2007. See Tex. Ins. Code Ann. art.
5.13-2 (Vernon Supp. 2006).
8. "'[T]he law of the case doctrine is defined as that principle under which questions
of law decided on appeal . . . will govern the case throughout its subsequent stages.'" Gantt
v. Gantt, 208 S.W.3d 27, 30 n.4 (Tex. App.--Houston [14 Dist.] 2006, pet. filed)(quoting
Loram Maint. of Way, Inc. v. Ianni, 210 S.W.3d 593, 596 (Tex. 2006)).

9. Farmers has also filed a supplemental "letter" brief arguing that the recent case of
Farmers Group, Inc. v. Lubin, 222 S.W.3d 417 (Tex. 2007) impacts this case, perhaps
requiring a dismissal. This matter must be presented to the trial court. 
10. Generally policyholders must make a timely claim, allow for access for inspection,
and a claim before any cause of action for damages accrues. 
11. The Honorable Don Burgess, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon 2005).
12. The Honorable Paul Murphy, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon 2005).