**Opinion issued June 29, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00200-CV

———————————

**SOGO INDUSTRIES, LLC AND SATISHCHANDRA VARMA, Appellants**

**V.**

**TARQUIN POLYMERS & COLORS, INC., Appellee**

---

On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1125848

---

**MEMORANDUM OPINION**

Appellants, Sogo Industries, LLC and Satishchandra Varma, filed a notice of appeal from the trial court's October 25, 2019 final judgment and January 22, 2020 order denying appellants' motion for new trial.[1]

We dismiss the appeal for lack of jurisdiction.

On June 7, 2021, appellee, Tarquin Polymers & Colors, Inc., filed a motion to dismiss appellants' appeal for lack of jurisdiction, arguing that appellants' notice of appeal was not timely filed. More than ten days have passed since appellee filed its motion to dismiss, and appellants have not responded. *See* TEX. R. APP. P. 10.3(a).

Absent a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1. Generally, a notice of appeal of a final judgment must be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. However, where a party timely files a motion for new trial, the deadline to file a notice of appeal is extended to ninety days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a)(1). Here, after entry of the October 25, 2019 final judgment, appellants timely filed a motion for new trial. Accordingly, any notice of appeal was due to be filed on or before January 23, 2020. *See* TEX. R. APP. P. 26.1(a)(1).

---

[1] Although the trial court signed an order denying appellants' motion for new trial on January 22, 2020, appellants' motion for new trial was overruled by operation of law on January 8, 2020. *See* TEX. R. CIV. P. 329b(c) (motion for new trial is overruled by operation of law if trial court does not sign order ruling on motion within seventy-five days after judgment is signed).

2

Further, the time within which to file a notice of appeal may be enlarged if, within fifteen days after the deadline for filing the notice of appeal, the party files a notice of appeal in the trial court and motion for extension of time, complying with Texas Rule of Appellate Procedure 10.5(b), in the appellate court. *See* TEX. R. APP. P. 10.5(b), 26.3. Taking this fifteen-day extension into account, appellants' notice of appeal, and motion for extension of time to file their notice of appeal, was due to be filed no later than February 7, 2020.

Appellants filed their notice of appeal on February 10, 2020. Accordingly, because appellants failed to file a timely notice of appeal, we lack jurisdiction over their appeal of the trial court's October 25, 2019 final judgment. *See Gantt v. Gantt*, 208 S.W.3d 27, 30 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (untimely notice of appeal fails to invoke jurisdiction of appellate court).

Additionally, this Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. As noted above, in addition to the trial court's October 25, 2019 final judgment, appellants also appeal from the trial court's order denying their motion for new trial. However, "[n]o appeal from an order denying a motion for new trial exists separately from an appeal of the underlying judgment." *Cornwell v. Cornwell*, No. 02-17-00105-CV, 2017 WL

6759031, at *1 (Tex. App.—Fort Worth Dec. 28, 2017, no pet.) (mem. op.); *Macklin v. Saia Motor Freight Lines, Inc.*, No. 06-12-00038-CV, 2012 WL 1155141, at *1 (Tex. App.—Texarkana Apr. 6, 2012, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction because an "order denying a motion for reconsideration or motion for new trial is not a judgment, and is not independently appealable").

Here, because appellants failed to timely file a notice of appeal of the trial court's October 15, 2019 final judgment, we also lack jurisdiction to consider an appeal of the trial court's order denying appellants' motion for new trial, because the order denying the motion for new trial "is not independently appealable." *See Macklin*, 2012 WL 1155141, at *1.

Accordingly, we grant appellee's motion, and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Guerra, and Farris.