**Dismissed and Memorandum Opinion filed May 12, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00277-CV

**WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST A, Appellant**

**V.**

**HUNTERS GLEN MUNICIPAL UTILITY DISTRICT AND ALDINE INDEPENDENT SCHOOL DISTRICT, Appellees**

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2019-04998**

## MEMORANDUM OPINION

Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A ("Wilmington"), appeals the denial of its motion for summary judgment and the grant of summary judgment in favor of Appellees, Hunters Glen Municipal Utility District and Aldine Independent School District (collectively, "Appellees"), contending the trial court erroneously denied its summary judgment motion and granted summary judgment in favor of Appellees because the citation

served in this case did not strictly comply with rules governing service. We dismiss the appeal for want of subject matter jurisdiction.

## BACKGROUND

In 2005, Johnson executed a deed of trust granting a lien against his home in favor of CitiFinancial, Inc. to secure repayment of a home equity loan. On November 20, 2013, the deed of trust was assigned to CitiFinancial Servicing, LLC; it was then assigned to Wilmington on November 13, 2017. Hunters Glen sued Johnson on May 4, 2016, for failing to pay delinquent ad valorem taxes assessed against his property from 2007 to 2015. Hunters Glen joined taxing unit Aldine Independent School District as a party "pursuant to Sec. 33.44 of the Property Tax Code because [it] may have a claim for delinquent taxes against the property described in the petition." In addition to the amounts of delinquent taxes, Hunters Glen "sue[d] for costs of court, foreclosure sale expenses . . . and other costs" authorized by law. Hunters Glen named CitiFinancial Servicing as an in rem defendant in its petition. It prayed for, among other things, (1) a personal judgment against the defendants for all taxes, penalties, and costs, and (2) "foreclosure of the tax lien(s), issuance of an order of sale and/or execution on the property described above and payment of all taxes, penalties, interest, and costs that are due or will become due and that are secured by such tax lien(s), which tax lien(s) is first, prior and/or superior to any other interest in said property."

CitiFinancial Servicing was served with citation in June 2016, but did not answer or otherwise appear. The trial court signed a final judgment on June 17, 2017, (1) finding that CitiFinancial Servicing was served with process, "failed to appear and answer this suit, and wholly made default"; (2) awarding Appellees the amounts owed in delinquent taxes, penalties, and interest until paid; (3) ordering the Johnson property sold to recover delinquent taxes owed to Appellees; and (4)

2

ordering issuance of a writ of possession to the purchaser of the property at the foreclosure sale. Dennis Bruyere bought the property at a tax sale for $62,000 in December 2017. $38,925.08 of the purchase price was applied to satisfy the delinquent taxes and other costs and a deed conveying the property to Bruyere was recorded in January 2018.

Wilmington then deposited $38,925.08 into the Harris County district clerk's registry and filed a petition for bill of review in January 2019. Wilmington asserted that "the judgment and the tax foreclosure sale it authorized are void as to the deed of trust because the attempted service of process on CitiFinancial Servicing" was void for failing to strictly comply with the rules governing service of process. In April 2019, Wilmington filed an amended petition for bill of review adding Bruyere as a defendant. In September 2019, Wilmington filed a summary judgment motion on its bill of review. Appellees filed a response and a joint motion for final summary judgment.

In December 2019, Wilmington filed its third amended petition for bill of review, arguing the trial court lacked jurisdiction over CitiFinancial Servicing because there was no valid proof of service. It specifically contended that "the judgment and the tax foreclosure sale it authorized are void as to the deed of trust because the citation and attempted service of process on CitiFinancial Servicing (Wilmington's predecessor-in-interest) are void" for the following reasons: (1) "[t]he citation issued for CitiFinancial Servicing does not state Hunters Glen, or any of the other taxing units who may set up their tax claims, will seek the establishment and foreclosure of liens securing payment of the allegedly delinquent taxes" pursuant to Texas Rule of Civil Procedure 117a(4) and (6); (2) the return of service did not specify the manner of service as required by Texas Rule of Civil Procedure 107(b)(8); and (3) the return of service failed to identify the court in which the case

3

is filed as required by Texas Rule of Civil Procedure 107(b)(2).  On the same day, Wilmington filed an amended motion for summary judgment on the bill of review based on the contentions argued in its live petition.

In January 2020, Appellees filed a joint motion for final summary judgment and joint response to Wilmington's amended motion for summary judgment, arguing (1) CitiFinancial Servicing was properly served, and (2) the court in the underlying tax suit acquired jurisdiction over CitiFinancial Servicing.  Wilmington filed a reply in support of its summary judgment motion, again arguing that the citation served on CitiFinancial "does not comply with rule 117a(4) because it does not warn the taxing authorities were seeking the 'establishment and foreclosure of' their tax liens."

On January 10, 2020, the trial court signed an order denying Wilmington's amended motion for summary judgment.  That same day, the trial court also signed an order (1) granting Appellees' "joint motion for summary judgment;" (2) denying "the motion for summary judgment of Wilmington;" (3) ordering that Wilmington take nothing as to its bill of review; (4) denying "[a]ny other relief requested;" and (5) stating that "[t]his judgment finally disposes of all claims brought by [Wilmington] against [Appellees] and is appealable."  Wilmington filed a motion for new trial on February 6, 2020, which was denied by operation of law.

A day later, Bruyere filed a "motion for final summary judgment" against Wilmington.  On March 9, 2020, the trial court signed an order denying Bruyere's summary judgment motion because the "deadline for dispositive motions listed in the docket control order previously expired."  Wilmington filed a notice of appeal on April 13, 2020, stating it "desires to appeal the orders granting Hunter Glen Municipal Utility District and Aldine Independent School District's motion for summary judgment and denying Wilmington's motion for summary judgment

entered on January 10, 2020."

Subject matter jurisdiction is never presumed, cannot be conferred by consent or estoppel, and cannot be waived. *See Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 181 (Tex. 2004); *Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex. 2001) (per curiam); *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850 (Tex. 2000); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). Even if not raised, issues affecting jurisdiction must be reviewed *sua sponte*. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam); *Gantt v. Gantt*, 208 S.W.3d 27, 30 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

As an appellate court, we lack jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments. *See Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam). When, as here, there has been no conventional trial on the merits, "an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001).

The record before us contains no orders, whether taken individually or collectively, which dispose of all parties and claims in this case. In our record, we have the trial court's (1) ORDER GRANTING DEFENDANTS' MOTION FOR FINAL SUMMARY JUDGMENT, in which the trial court stated that "Wilmington Savings Fund Society, FSB TAKES NOTHING as to its bill of review. Any other relief requested is denied. This judgment finally disposes of all claims brought by

Plaintiff against Hunters Glen Municipal Utility District and Aldine Independent School District and is appealable";[1] (2) ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT; and (3) ORDER denying Bruyere's motion for summary judgment because the "deadline for dispositive motions listed in the docket control order previously expired."

Therefore, we notified the parties that we would consider dismissal of the appeal on our own motion for want of jurisdiction unless any party filed a response on or before February 28, 2022, showing the trial court disposed of all parties and all claims. On February 28, 2022, Wilmington filed a letter requesting this court abate the appeal and remand this case to "the trial court to clarify the finality of the judgment." Appellees did not file a response. On March 8, 2022, we issued an order (1) abating this case and remanding it to the trial court for a period of thirty days for clarification of the finality of the judgment; (2) stating that a "supplemental clerk's record containing the trial court's clarifying order(s), if any, shall be filed with the clerk of this court within thirty days of the date of this order;" and (3) stating the appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court.

A supplemental clerk's record was filed in this court on April 8, 2022. It contained a trial court order of March 21, 2022, stating as follows:

> On this day the Court considered Dennis Bruyere's Motion to Reconsidered [sic] Motion for Summary Judgment. This motion amounts to a request for leave to violate the Court's Docket Control Order Deadline on dispositive motions. Movant failed to show good cause and the Motion is DENIED.

---

[1] The trial court struck through language stating that the judgment finally disposes of "all parties and all claims and is appealable." Instead, it stated that the judgment finally disposes of "all claims brought by Plaintiff against Hunters Glen Municipal Utility District and Aldine Independent School District and is appealable."

6

> DEN[N]IS BRUYERE remains an active defendant in this case and will
> be assigned to trial promptly.

The trial court's order clearly states that Bruyere remains an active defendant in this case who will be assigned to trial. Thus, there is no final judgment because the trial court did not dispose of all claims and parties in this case. Because we conclude there is no final judgment in our record of this case and no relevant authorization, we lack jurisdiction and must dismiss the appeal. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) ("Unless specifically authorized by statute, Texas appellate courts only have jurisdiction to review final judgments.").

## CONCLUSION

Having concluded there is no final, appealable judgment, we dismiss the appeal for lack of subject matter jurisdiction.

/s/    Meagan Hassan
Justice

Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.