**Opinion issued May 19, 2022**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-21-00501-CV**

————————————

**JEFFERY LANG WILSON, Appellant**

**V.**

**JEANNIE MARIE COLEMAN, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-71440**

---

## MEMORANDUM OPINION

Appellant Jeffery Lang Wilson has filed a notice of appeal attempting to appeal from the trial court's June 21, 2021 order denying appellant's motion for new trial. We dismiss for lack of jurisdiction.

After the trial court signed its final judgment on May 10, 2021, appellant filed a motion for new trial on May 19, 2021. The trial court denied the motion for new trial on June 21, 2021. Appellant filed his notice of appeal on September 13, 2021, complaining of the trial court's June 21, 2021 order denying his motion for new trial.

First, an order denying a motion for new trial is not independently appealable. *See Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Accordingly, the appealable judgment is the one signed May 10, 2021.

When, as here, appellant filed a timely motion for new trial, the deadline for filing the notice of appeal is extended until 90 days after the date judgment was signed. *See* TEX. R. APP. P. 26.1(a). Therefore, the notice of appeal was due to be filed by August 9, 2021. Appellant did not file his notice of appeal until September 13, 2021. An appellant may file a motion for extension of time to file the notice of appeal if the notice of appeal and a motion for extension is filed within 15 days of the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3. But appellant did not file either his notice of appeal or a motion for extension within 15 days of the deadline. An untimely notice of appeal does not invoke our jurisdiction. *See Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

On December 14, 2021, this Court issued a notice to appellant that the Court might dismiss the appeal for lack of jurisdiction unless appellant filed a response establishing our jurisdiction. Appellant did not respond to this notice.

Accordingly, we dismiss this appeal for lack of jurisdiction. *See, e.g., Gantt v. Gantt*, 208 S.W.3d 27, 30 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (untimely notice of appeal fails to invoke appellate court's jurisdiction and requires dismissal of appeal). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Goodman and Hightower.