**Dismissed and Memorandum Opinion filed August 4, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00693-CV

## JOHN GANNON, INC., Appellant

## V.

## 21333 INVESTMENTS, INC., Appellee

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2019-67138**

## MEMORANDUM OPINION

Appellant/Cross-Appellee, John Gannon, Inc. ("Gannon"), appeals the trial court's order granting its motion for summary judgment contending that the trial court erroneously "disposed of the case and granted more relief than requested by entering a final judgment on its docket sheet when Gannon's request for attorneys' fees remained pending." Appellee/Cross-Appellant, 21333 Investments, Inc. ("21333 Investments"), challenges the trial court's order granting Gannon's motion for summary judgment on 21333 Investments' counterclaims contending that (1)

the trial court erred by holding that 21333 Investments breached its lease agreement with Gannon; (2) the trial court erred by "essentially ruling that Gannon would be free to put the contemplated billboard anywhere on [the property at issue], despite the specific agreement in [an exhibit] that states otherwise"; (3) the defense of impossibility precludes summary judgment in favor of Gannon because the City of Houston did not grant a permit to Gannon to place the sign at the agreed upon location; and (4) fact issues preclude summary judgment. We dismiss the appeal for want of subject matter jurisdiction.

## BACKGROUND

Gannon and 21333 Investments entered into a 10-year lease agreement in September 2018. Under the lease, Gannon would have the right to erect and maintain its billboard on a portion of 21333 Investments' property as described in an attachment to the lease. After signing the lease, Gannon attempted to obtain a permit from the City of Houston to construct the billboard on the originally agreed-upon location by the parties. In July of 2019, however, the City of Houston informed Gannon that the location needed to be moved approximately one hundred feet west of the originally contemplated location in accordance with a City-approved location map. 21333 Investments refused to consent to the new location because another tenant on the property objected to the new location for the billboard.

In September 2019, Gannon sued 21333 Investments asserting claims for breach of contract, declaratory relief, and attorney's fees. 21333 Investments filed its original answer in October 2019. Several days later, Gannon filed a traditional motion for summary judgment on its claims for breach of contract and declaratory relief, requesting the trial court find as a matter of law that "(1) 21333 Investments, Inc. is liable to John Gannon, Inc. for breach of contract, (2) John Gannon, Inc. is

2

entitled to a declaratory judgment that the Lease entitles Gannon to place the Sign on the Property in the location identified on Exhibit 4, and (3) 21333 Investments, Inc. shall consent to the placement of the sign on the Property in the location identified on Exhibit 4." In its summary judgment motion, Gannon did not request any relief regarding its claim for attorney's fees.

In January 2020, 21333 Investments filed its response to Gannon's motion for summary judgment. Seven days later, Gannon filed a reply to 21333 Investments' summary judgment response and objections to 21333 Investments' evidence. In March, 21333 Investments filed its second amended original answer and original counterclaim, asserting counterclaims for breach of contract and declaratory judgment as well as several affirmative defenses. In April, Gannon filed a traditional motion for summary judgment on 21333 Investments' counterclaims. In May, 21333 Investments filed a motion for continuance of the summary judgment hearing, which the trial court granted.

On July 22, 2020, the trial court signed an order granting Gannon's motion for summary judgment on 21333 Investments' counterclaims. That same day, the trial court also signed an order granting Gannon's motion for summary judgment. On August 18, 2020, Gannon filed a motion for partial new trial stating that (1) the trial court's docket sheet reflects the court signed a final summary judgment, and (2) "[t]o the extent the Court's entry of judgment constitutes a final judgment, [Gannon] seeks a new trial for the limited purpose of having the Court consider Gannon's reasonable attorneys' fees and costs." 21333 Investments opposed Gannon's motion for partial new trial. In October 2020, Gannon filed a notice of appeal and 21333 Investments filed a cross-notice of appeal.

## JURISDICTION

Subject matter jurisdiction is never presumed, cannot be conferred by

consent or estoppel, and cannot be waived. *See Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex. 2001) (per curiam); *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850 (Tex. 2000); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). Even if not raised, issues affecting jurisdiction must be reviewed *sua sponte*. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam); *Gantt v. Gantt*, 208 S.W.3d 27, 30 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

As an appellate court, we lack jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments. *See Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam). When, as here, there has been no conventional trial on the merits, "an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001).

The record before us contains no orders, whether taken individually or collectively, which dispose of all parties and claims in this case. In our record, we have the trial court's (1) ORDER GRANTING JOHN GANNON, INC.'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIMS; and (2) ORDER GRANTING JOHN GANNON, INC.'S MOTION FOR SUMMARY JUDGMENT. Gannon moved for summary judgment, requesting "that the Court render Summary Judgment in favor of John Gannon, Inc. and hold as a matter of law that (1) 21333 Investments, Inc. is liable to John Gannon, Inc. for breach of contract, (2) John Gannon, Inc. is entitled to a

4

declaratory judgment that the Lease entitles Gannon to place the Sign on the Property in the location identified on Exhibit 4, and (3) 21333 Investments, Inc. shall consent to the placement of the sign on the Property in the location identified on Exhibit 4." Gannon did not move for summary judgment on its claim for attorney's fees, and the trial court did not rule on that claim in any order.

Therefore, we notified the parties that we would consider dismissal of the appeal on our own motion for want of jurisdiction unless any party filed a response on or before June 12, 2022, showing the trial court disposed of all parties and all claims. Neither party filed a response to our notice.

The trial court orders before us do not dispose of Gannon's outstanding attorney's fees claim nor do the orders "clearly and unequivocally state[] that [they] finally dispose[] of all claims and all parties." *See id.* Thus, there is no final judgment because the trial court did not dispose of all claims and parties in this case or use clear and unequivocal language stating it finally disposed of all claims and parties. *See id.* Because we conclude there is no final judgment, we lack jurisdiction and must dismiss the appeal. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) ("Unless specifically authorized by statute, Texas appellate courts only have jurisdiction to review final judgments."); *Eter v. Moghnieh*, No. 14-21-00627-CV, 2022 WL 599260, at *1 (Tex. App.— Houston [14th Dist.] Mar. 1, 2022, no pet.) (mem. op.) (per curiam) (Appellee's "outstanding claim for attorney's fees render this appeal interlocutory" and "the appeal is ordered dismissed for want of jurisdiction.").

## CONCLUSION

Having concluded there is no final, appealable judgment, we dismiss the appeal for lack of subject matter jurisdiction.


/s/    Meagan Hassan
       Justice


Panel consists of Justices Wise, Spain, and Hassan.