**Opinion issued December 28, 2023**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-23-00682-CV

———————————

## IN THE INTEREST OF E.J.M. AKA E.J.M., A CHILD

---

### On Appeal from the 313th District Court
### Harris County, Texas
### Trial Court Case No. 2020-01300J

---

### MEMORANDUM OPINION

On September 19, 2023, appellant, D.V., filed a notice of appeal from the trial court's June 23, 2021 final decree for termination.

We dismiss the appeal for lack of jurisdiction.

In her September 19, 2023 notice of appeal, appellant stated that she "desire[d] to appeal and s[ought] to alter the judgment" rendered by the trial court in the

underlying case. She attached to her notice of appeal the final decree for termination signed by the trial court on June 23, 2021. At the outset, we note that this is appellant's second appeal from the trial court's June 23, 2021 final decree for termination. Appellant previously appealed from the trial court's June 23, 2021 final decree for termination, and her appeal was dismissed on her own motion.[1] *See In re E.J.M.*, No. 01-21-00410-CV, 2021 WL 3921352 (Tex. App.—Houston [1st Dist.] Sept. 2, 2021, no pet.) (mem. op.). Appellant is not entitled to a second appeal from the trial court's June 23, 2021 final decree for termination. *See In re S.M.G.*, No. 01-22-00552-CV, 2022 WL 4830800, at *1 (Tex. App.—Houston [1st Dist.] Oct. 4, 2022, no pet.) (mem. op.); *In re M.F.*, No. 01-13-00268-CV, 2013 WL 2948369, at *1 (Tex. App.—Houston [1st Dist.] June 13, 2013, no pet.) (mem. op.).

Further, even if appellant were entitled to a second appeal, appellant's September 19, 2023 notice of appeal was not timely filed. Any party "seek[ing] to alter the trial court's judgment" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). If a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal and must dismiss the appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542,

---

[1] Our mandate issued on September 24, 2021.

545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

An appeal in a "parental termination case" or a "child protection case" is accelerated. *See* TEX. R. APP. P. 28.4(a) (internal quotations omitted). In an accelerated appeal, absent a motion for extension of time, a notice of appeal is due within twenty days after the trial court signs its judgment. *See* TEX. R. APP. P. 26.1(b), 26.3; *see also In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) (deadline for filing notice of appeal in accelerated appeal "strictly set at twenty days after the judgment is signed, with no exceptions"). The deadline to file a notice of appeal in an accelerated appeal is not extended by the filing of a motion for new trial, any other post-trial motion, or a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 28.1(b); *In re K.A.F.*, 160 S.W.3d at 927. Here, the trial court signed its final decree for termination on June 23, 2021, making appellant's notice of appeal due by July 13, 2021. *See* TEX. R. APP. P. 26.1(b). Appellant's September 19, 2023 notice of appeal was filed more than two years after the deadline and thus, was not timely filed. *See* TEX. R. APP. P. 26.1(b). Without a timely filed notice of appeal, we lack jurisdiction over appellant's appeal. *See* TEX. R. APP. P. 25.1; *Gantt v. Gantt*, 208 S.W.3d 27, 30 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (untimely notice of appeal fails to invoke jurisdiction of appellate court and dismissal of appeal required).

Additionally, to the extent that appellant has filed a notice of restricted appeal, we note that a notice of restricted appeal must be filed within six months after the trial court's judgment is signed. *See* TEX. R. APP. P. 26.1(c), 30; *Ford v. Garcia-Mowatt*, No. 01-21-00354-CV, 2022 WL 96826, at *1 (Tex. App.—Houston [1st Dist.] Jan. 11, 2022, no pet.) (mem. op.). Here, appellant did not file her restricted notice of appeal within six months after the trial court signed the June 23, 2021 final decree for termination, and thus, appellant's notice of restricted appeal was not timely filed. *See* TEX. R. APP. P. 26.1(c), 30. Without a timely filed notice of appeal, we lack jurisdiction over appellant's appeal. *See* TEX. R. APP. P. 25.1; *Gantt*, 208 S.W.3d at 30.

On October 3, 2023, the Clerk of this Court notified appellant that her appeal was subject to dismissal for lack of jurisdiction unless, by October 17, 2023, appellant filed a written response demonstrating that this Court has jurisdiction over her appeal. *See* TEX. R. APP. P. 42.3(a). Although appellant responded,[2] she did not identify any appealable order or judgment, other than the trial court's June 23, 2021 final decree from termination, which she sought to challenge, and she did not provide a response demonstrating that this Court has jurisdiction over her appeal.[3]

---

[2] At this Court's request, appellee, the Department of Family and Protective Services, filed a response to appellant's jurisdictional response.

[3] On November 30, 2023, appellant filed her appellant's brief, appearing to complain about the trial court's June 23, 2021 final decree for termination. To the extent that appellant also appears to complain about the trial court's denial of her September

Accordingly, we dismiss appellant's appeal for lack of jurisdiction. *See* Tex.

R. App. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Countiss, and Farris.

---

15, 2021 petition in intervention in suit affecting the parent-child relationship or her October 28, 2021 amended petition in intervention in suit affecting the parent-child relationship, which were filed after the trial court signed its final decree for termination, appellant's notice of appeal or notice of restricted appeal would still be untimely.