**Opinion issued August 8, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00604-CV

_____

**DAVID SOLIZ, Appellant**

**V.**

**J AND B HICKS, INC., US 69 ENTERPRISE LLC, DELORES HICKS, JERRY HICKS, AND DUSTIN DIETERT, Appellees**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-66023**

---

## MEMORANDUM OPINION

Appellant, David Soliz, filed a notice of appeal on August 16, 2023 seeking to appeal the trial court's July 17, 2023 order denying his motion for new trial. We dismiss the appeal for lack of jurisdiction.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Legislature has designated as appealable orders. *See* TEX. CIV. PRAC. & REM. CODE § 51.012; *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014(a) (authorizing appeals from certain interlocutory orders). As noted above, appellant attempts to appeal the trial court's denial of his motion for new trial. But "[a]n order denying a motion for new trial is not independently appealable." *Fletcher v. Ahrabi*, No. 01-12-00794-CV, 2012 WL 6082915, at *1 (Tex. App.—Houston [1st Dist.] Dec. 6, 2012, no pet.) (mem. op.) (citing *Overka v. Bauri*, No. 14-06-00083, 2006 WL 2074688, at *1 & n.1 (Tex. App.—Houston [14th Dist.] July 27, 2006, no pet.) (mem. op.)); *see Wilson v. Avendano*, No. 01-21-00631-CV, 2021 WL 5903920, at *1 (Tex. App.—Houston [1st Dist.] Dec. 14, 2021, no pet.) (mem. op.) ("[A]n order denying a post-judgment motion does not exist separate from the underlying, appealable judgment, and is not independently appealable."). Thus, we lack jurisdiction to consider appellant's appeal of the trial court's denial of his motion for new trial.

The clerk's record indicates that the appealable judgment in the underlying case was the final judgment signed on April 28, 2023. "[T]he time for filing a notice of appeal runs from the signing of the final judgment, not the subsequent denial of a motion for new trial." *Morris v. Wells Fargo Bank, N.A.*, No. 01-19-00610-CV, 2019

WL 4677365, at *2 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op.) (citing TEX. R. APP. P. 26.1). Even if the Court were to construe appellant's August 16, 2023 notice of appeal as an attempt to appeal the final judgment signed on April 28, 2023, the notice of appeal was untimely filed 110 days after the judgment. *See* TEX. R. APP. P. 26.1 (requiring notice of appeal to be filed within 30 days after judgment is signed or within 90 days after judgment is signed if party timely files motion for new trial). Absent a timely filed notice of appeal, an appellate court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1(b); *Gantt v. Gantt*, 208 S.W.3d 27, 30 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (untimely notice of appeal fails to invoke jurisdiction of appellate court and dismissal of appeal required).

On July 18, 2024, this Court notified appellant that his appeal was subject to dismissal unless he filed a written response within ten days demonstrating that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a). Appellant did not respond.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.